GERALD ALLEN [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

TERESA THORSON,

                Plaintiff,

- against -

CITY OF NEW YORK and DETECTIVE ALISTAIR BASCOM
SHIELD NUMBER 4557

                Defendants,
-------------------------------------------------------------------X

CV

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## PARTIES, JURISDICTION and VENUE

1.    Plaintiff, TERESA THORSON, is a 20 year old female, and at all times relevant to this action, was a resident of Brooklyn, New York.

2.    Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.    Upon information and belief, Defendant DETECTIVE ALISTAIR BASCOM SHIELD NUMBER 4557, was at all relevant times a detective with the NYPD believed to be assigned to the 1st Precinct. All actions by BASCOM complained of herein were taken in the course of his employment and under color of law. BASCOM is being sued in both his individual and official capacities.

1

4. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

6. A Notice of Claim was timely served upon NYC on or about May 12, 2016, within ninety days of February 17, 2016, the statutory date of accrual for the claims based upon false arrest and malicious prosecution. A 50-h hearing was held on August 5, 2016.

7. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

8. On February 15, 2016 at approximately 3:30 pm Plaintiff was working as a licensed ticket salesperson near Battery Park in Manhattan.

9. Suddenly, a man with whom Plaintiff had previously spoken, approached her, knocked a lit cigarette from her hand, and grabbed at the identification card that she wore around her neck.

10. Plaintiff then pushed the man away and told him not to touch her.

11. Plaintiff's coworker, boyfriend then punched the man in the face and then both Plaintiff and the her boyfriend left the scene.

12. This entire encounter was captured on a security tape.

13. On February 17, 2016, during the early morning hours, NYPD officers came to the apartment in Brooklyn that Plaintiff shared with her boyfriend and arrested him for the incident that had occurred two days earlier. Plaintiff was not arrested.

14. Later that morning, Plaintiff returned to her job near Battery Park and, at

approximately 10:00 a.m., a uniformed NYPD officer took her into custody for the incident that had occurred two days earlier.

16. Plaintiff was then taken to the 1st Precinct, where she was shown the videotape of the incident by Defendant BASCOM.

17. Despite that videotaped proof that Plaintiff was responding to the acts of the male aggressor, BASCOM placed her under arrest for Assault in the Third Degree and brought her to Central Booking. As they left the 1st Precinct BASCOM deliberately and knowingly paraded Plaintiff in front of numerous media, including television cameras and still photographers, causing Plaintiff great alarm and embarrassment.

18. Plaintiff was arraigned later that night under Docket Number 2016NY011315, and bail was set at $5000 bond/2500 cash.

19. Plaintiff's mother posted her bail after she had been held in custody at the 1st Precinct, Central Booking and Rikers Island for a total of two days.

20. Plaintiff appeared in Criminal Court on February 22, 2016 and the case against her was dismissed upon motion of the District Attorney.

21. As a direct result of this incident Plaintiff lost her job, her apartment, and custody of her young daughter.

22. Plaintiff to this day suffers from the effects of the severe emotional stress and economic loss caused as a result of the false arrest and malicious prosecution.

## FIRST CLAIM (FALSE ARREST SECTION 1983)

23. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 22 of the Complaint as if incorporated and reiterated herein.

24. By arresting Plaintiff without legal authority, Defendant BASCOM violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional rights to be free from false arrest.

25. By reason thereof, Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## SECOND CLAIM(FALSE ARREST-STATE LAW CLAIM)

26. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 25 of the Complaint as if incorporated and reiterated herein.

27. Plaintiff was unlawfully detained and arrested by Defendant BASCOM without probable cause.

28. By reason thereof, BASCOM caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

29. By reason thereof, and because BASCOM acted within the scope of his duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### THIRD CLAIM (MALICIOUS PROSECUTION STATE LAW)

30. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31. Defendant BASCOM, knowing that the videotape of the incident exonerated Plaintiff, instead falsely informed the District Attorney of what was depicted on the videotape.

32. By commencing a proceeding in the absence of probable cause and with actual malice, BASCOM intentionally engaged in a malicious prosecution of Plaintiff.

33. By reason thereof, BASCOM caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

34. By reason thereof, and because BASCOM acted within the scope of his duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### FOURTH CLAIM (MALICIOUS PROSECUTION SECTION 1983)

35. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 34 of the Complaint as if incorporated and reiterated herein.

36. Plaintiff was arrested despite videotaped evidence that proved Plaintiff had committed no crime.

37. By commencing a proceeding in the absence of probable cause and with

actual malice, BASCOM intentionally engaged in a malicious prosecution of Plaintiff.

38.   By reason thereof, Defendant BASCOM violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)  On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)  Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vi  Such other relief as the Court deems just and proper.

Dated:   New York, New York

November 9, 2016

Goldberg & Allen, LLP

Attorneys for Plaintiff

By: _____

Gerald Allen [GA-0950]

49 West 37th Street, 7th Floor

New York, New York 10018

(212) 766-3366